SUMMARY ORDER
Kingsbridge Heights Rehabilitation and Care Center (“Kingsbridge”) appeals from orders of the United States District Court for the Southern District of New York, the Honorable Denise L. Cote presiding, granting the National Labor Relations Board’s (“NLRB”) petition for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act (“NLRA”), 29 U.S.C. § 151, 160(3) (“Section 10(j)”). We assume the parties’ familiarity with the facts, proceedings below, and specification of issues on appeal.[1]
In this Circuit, to issue a Section 10(j) injunction, the district court must apply a two-prong test. First, “the court must find reasonable cause to believe that unfair labor practices have been committed.” Hoffman v. Inn Credible Caterers, Ltd., 247 F.3d 360, 364-65 (2d Cir.2001). “[Reasonable cause to support such a conclusion is sufficient,” or put differently, a “district court does not ... make a final determination whether the conduct in question constitutes an unfair labor practice.” Id. at 365. In determining whether reasonable cause exists, a district court should show “[ajppropriate deference ... to the judgment of the NLRB, and ... should decline to grant relief only if convinced that the NLRB’s legal or factual theories are fatally flawed.” Silverman v. Major League Baseball Player Relations Comm., Inc., 67 F.3d 1054, 1059 (2d Cir.1995). Second, “the court must find that the requested relief is just and proper.” Inn Credible Caterers, 247 F.3d at 365. This Circuit has made clear that courts should grant interim relief under Section 10(j) “in accordance with traditional equity practice, as conditioned by the necessities of public interest which Congress has sought to protect.” Mono v. N. Am. Soccer League, 632 F.2d 217, 218 (2d Cir.1980) (per curiam) (quotation marks omitted). Thus, “injunctive relief under § 10(j) is just and proper when it is necessary to prevent irreparable harm or to preserve the status quo.” Inn Credible Caterers, 247 F.3d at 368.
In reviewing a district court’s decision to issue a Section 10(j) injunction, “we are bound by the district court’s findings of fact unless they are clearly erroneous and ... we review fully all conclusions of law, including findings of reasonable cause. We review the district court’s determination of whether relief is just and proper for abuse of discretion.... ” Id. at 364 (citations omitted).
*322 The majority of the issues raised by Kingsbridge center around that part of the injunction ordering Kingsbridge to reinstate striking employees. Kingsbridge argues that the district court acted without subject matter jurisdiction in conducting hearings in connection with its reinstatement order. We decline to read the jurisdiction granted by the NLRA as narrowly as Kingsbridge would prefer. Section 10(j) provides that upon the filing of a petition by the Board for “appropriate temporary relief or restraining order, ... the court ... shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper.” This broad language encompasses the reinstatement hearings held by the district court in this case. See Armstrong v. Guccione, 470 F.3d 89, 102 (2d Cir.2006) (“ ‘Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court’s [jurisdiction] in equity, the full scope of that jurisdiction is to be recognized and applied.’ ’’(quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 313, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982))). As a result, we conclude that the district court acted within its jurisdiction when it held hearings to ascertain whether certain employees should be reinstated in response to Kingsbridge’s complaints that those employees had engaged in strike misconduct. See Danielson v. Joint Bd. of Coat, Suit & Allied Garment Workers’ Union, 494 F.2d 1230, 1241 (2d Cir.1974) (“The essence of equity jurisdiction has been the power ... to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it.”). We also deem harmless any error in the district court’s assignment of the burden of proof during the striker misconduct hearings. See Garofolo v. Coomb, 804 F.2d 201, 206 (2d Cir.1986) (holding that even if trial court’s instructions on alibi evidence were erroneous by improperly shifting burden of proof to petitioner, error was harmless, as everything pointed to petitioner’s guilt).
Kingsbridge also argues that the district court abused its discretion in ordering reinstatement of the former strikers because, Kingsbridge asserts, a Section 10(j) injunction ordering reinstatement is not “just and proper” where there is an unresolved issue pending before the Board as to the lawfulness of the strike. We reject that argument for many of the reasons stated by the district court. We first note that the “reasonable cause” prong contemplates that a Section 10(j) injunction will routinely be issued despite the existence of unresolved issues before the Board. See Inn Credible Caterers, 247 F.3d at 365. And, we have allowed that:
Where, as in this case, an equity court has “reasonable cause” to believe that particularly flagrant unfair labor practices have been committed, the court’s fashioning of those remedies typically framed by the Board in an unfair labor practice proceeding is “just and proper,” even though a final decision by the Board is pending.
N. Am. Soccer League, 632 F.2d at 218 (emphasis added). Our independent review of the record reveals that there was no error in the district court’s conclusion that there was reasonable cause to believe that Kingsbridge engaged in “flagrant unfair labor practices,” or in its conclusion that there was reasonable cause to believe that the strike was lawful. Cf. NLRB v. Heads & Threads Co., 724 F.2d 282, 288 (2d Cir.1983) (“That the strike may have stemmed from mixed motives does not deprive the employees of their right to reinstatement.”). Nor did it abuse its discretion in concluding that reinstatement was “necessary to prevent irreparable harm or to preserve the status quo” as it existed “before the unfair labor practice occurred,” *323 Inn Credible Caterers, 247 F.3d at 368, 369. We are not persuaded that Schaub v. Detroit Newspaper Agency, 984 F.Supp. 1048 (E.D.Mich.1997), aff'd, 154 F.3d 276 (6th Cir.1998), compels a different result here since as that case recognized, this Circuit allows that the traditional rules of equity govern Section 10© injunctions. See id. at 1052 (“The First, Second, Seventh, and Ninth Circuits take a different approach [than that of the Sixth Circuit] to the ‘just and proper’ inquiry. These courts read ‘just and proper’ to mean that the traditional rules concerning injunctions apply.”). Further, we are unpersuaded by Kingsbridge’s claims that the Board’s delay in seeking an injunction makes an injunction inappropriate. See Kaynard v. MMIC, Inc., 734 F.2d 950, 952, 954 (2d Cir.1984) (two month delay did not make interim injunctive order inappropriate).
We also reject Kingsbridge’s third complaint about the reinstatement order— that the NLRA does not permit issuance of a reinstatement order contingent upon a later offer to return to work. The district court’s conditional reinstatement order accords with the Board’s normal practice, see, e.g., D’Armigene, Inc., 148 NLRB 2, 3 (1964), enforced as modified, 353 F.2d 406 (2d Cir.1965); Beaird Indus., Inc., 311 NLRB 768, 770 (1993) (order of conditional reinstatement appropriate remedy even if, there is “no allegation regarding denial of reinstatement”), and is permitted by the NLRA because it is calculated to restore the status quo in effect before the commencement of the unfair labor practices. See Danielson, 494 F.2d at 1241 (“Flexibility rather than rigidity has distinguished [equity jurisdiction].”); see also Silverman v. Reinauer Transp. Cos., 130 LRRM 2505, 2508-09, 1988 WL 159172, at *4-*5 (S.D.N.Y.1988), aff'd, 880 F.2d 1319 (2d Cir.1989) (issuing conditional reinstatement order because it would restore status quo before commencement of unfair labor practices).
Kingsbridge’s penultimate complaint is that the district court erred in including in the injunction order a provision — provision (g) — prohibiting videotaping and/or photographing of union members and employees outside the facility. Kingsbridge recognizes that “absent proper justification,” the photographing of employees engaged in protected concerted activities violates Section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1), because it has a tendency to intimidate. However, it asserts that such “proper justification” is present here because it had evidence of striking employees engaging in misconduct and violence. Provision (g) withstands review. First, that provision states that Kingsbridge may direct its cameras at its entrances, exits, and patient elopement areas without proper justification, and further provides that it may videotape any area as long as it has proper justification. Second, to the extent that Kingsbridge complains that the alleged incidents of misconduct and violence during the strike already provided the “proper justification,” our review of the record reveals that there was reasonable cause to believe that Kingsbridge violated the Act by videotaping employees engaged in union activity.
Finally, we conclude that the district court did not abuse its discretion in denying Kingsbridge’s discovery requests. See Wood v. F.B.I, 432 F.3d 78, 84 (2d Cir.2005).
We have considered all of Kingsbridge’s other arguments and find them to be without merit. Therefore, we AFFIRM the judgment of the district court and VACATE the temporary stay with respect to the videotaping/photographing prohibi *324 tions, provision (g) of the injunction, granted by this Court on August 21, 2008.

. The facts are described in detail in the district court’s careful and thorough opinion granting the Section 10(j) injunction. See Mattina v. Kingsbridge Heights Rehabilitation & Care Ctr., No. 08cv6550, 2008 WL 3833949 (S.D.N.Y. Aug. 14, 2008), amended by 2008 WL 3895533 (S.D.N.Y. Aug.20, 2008).